956 So.2d 1204 (2007)
Linda HUFFMAN and Jayson Penn, as Co-Personal Representatives of the Estate of Melissa Jane Jones, deceased, and Linda Huffman, as guardian of Al Daniel Prince, III, a minor, Appellants,
v.
BREEZES FULL SERVICE CAR WASH; John Paul Cash, Jr.; Dick's Wings USA, Inc.; Spidor Holdings, Inc., d/b/a Dick's Wings, Barbara E. Baker, and Joshua Lackowski, Appellees.
No. 1D06-1907.
District Court of Appeal of Florida, First District.
May 17, 2007.
Tracy S. Carlin of Mills & Creed, P.A., Jacksonville; and Richard C. Watson of Rahaim, Watson, Dearing, Berry & Moore, P.A., Jacksonville, for Appellants.
Kristen M. Van der Linde and Blake J. Hood of Boyd & Jenerette, P.A., Jacksonville, for Appellees.
PER CURIAM.
The appellants challenge a summary final judgment in favor of Appellee Breezes Full Service Car Wash ("Breezes") in this civil suit for personal injury and wrongful death growing out of an automobile collision. We reverse the summary final judgment because there are disputed issues of material fact regarding whether two of Breezes's employees, Cash and Lackowski, were acting within the scope of their employment when, during the course of a luncheon which included the consumption of alcoholic beverages, they allegedly committed negligent acts which caused the subsequent automobile collision.
On the afternoon of the collision, after closing the car wash due to a rain storm, several Breezes employees had lunch and consumed alcoholic beverages together at a restaurant. Cash, an owner and manager of Breezes at the time, hosted the luncheon, and Lackowski, also a manager, was in attendance. When the luncheon ended, Lackowski drove away from the restaurant and collided shortly thereafter with a motor vehicle driven by Melissa Jones. Jones was killed and her son was injured. The appellants thereafter filed *1205 suit alleging that Breezes was vicariously liable for negligent acts committed by Cash and Lackowski during the luncheon.
Breezes moved for summary final judgment, asserting that it could not be held vicariously liable for the alleged negligence of Cash or Lackowski because the undisputed facts demonstrated that these employees had ceased acting within the scope of their employment prior to the luncheon. Construing certain deposition testimony by Lackowski, the trial court agreed and entered the summary final judgment under review. In doing so, however, the trial court improperly resolved disputed issues of fact. Although Lackowski's testimony can be construed as supporting a finding that neither he nor Cash was acting in the scope of his employment at the time of the luncheon, it can also be construed as supporting the appellants' position to the contrary. Because the record does not resolve disputed material issues of fact in this regard, entry of summary final judgment in favor of Breezes was improper.
The summary final judgment is accordingly reversed and this case is remanded.
ALLEN, WEBSTER, and ROBERTS, JJ., concur.